**SO ORDERED.**

**SIGNED this 22 day of June, 2007.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

LYNDA C. McCLUNEY,

                DEBTOR.

CASE NO. 06-21175
CHAPTER 13

MEMORANDUM AND ORDER ON
MOTION TO DISMISS FOR FAILURE TO FILE PRE-PETITION TAX RETURN AND
MOTION FOR RATIFICATION OF FILING OF TAX RETURNS

The Court has under advisement the Amended Motion to Dismiss for Failure to File Pre-Petition Tax Return (hereafter "Motion to Dismiss"),[1] filed by the Internal Revenue Service, and Debtor's related Motion to Ratify Filing of Income Tax Returns for Purposes of §§ 1308

---

[1] Doc. 22.

1

&1325(a)(9) (hereafter "Motion to Ratify").[2] The Internal Revenue Service ("IRS") appears by Christopher Allman, Assistant United States Attorney. Debtor Lynda C. McCluney appears by David A. Reed. There are no other appearances. This Court has jurisdiction.[3]

Debtor filed her petition under Chapter 13 on August 4, 2006, after the October 17, 2005, effective date of most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereafter BAPCPA). At that time, she had not filed either her 2005 or 2002 Federal Income Tax returns.

When filing her petition, Debtor was aware that she had not filed her 2005 return. That return was completed and submitted for filing on August 31, 2006,[4] before September 7, 2006, the date on which the meeting of creditors was first scheduled to be held. The fact that the 2002 return had not been filed apparently came to light when the IRS filed its proof of claim on August 23, 2006. That claim included $2,608.17 as an unsecured general claim for tax year 2002, stating that no return had been filed. Debtor acknowledged that the return had not been filed. The return was completed and mailed on October 25, 2006.

On September 12, 2006, 5 days after the conclusion of the meeting of creditors on September 7, 2006, the IRS moved to dismiss pursuant to §§ 1307(e) and 1308 for failure of

---

[2] Doc. 40.

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion to dismiss is a proceeding relating to administration of the estate which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

[4] It appears that the return was not processed by the IRS until September 25, 2006.

Debtor to file her 2005 federal tax return. That motion was later withdrawn.[5] On September 18, 2006, the IRS filed an amended motion to dismiss based upon Debtor's failure to timely file her 2002 federal return. Debtor opposed the motion. On January 24, 2007, Debtor filed the Motion to Ratify, arguing that both the 2005 and 2002 returns had been prepared and filed, so that there was no basis to dismiss.

Prior to the 2005 amendments of the Code, the filing of tax returns was not addressed by statute and was, at least in this district, handled by local rule and procedure. The BAPCPA expresses Congressional intent that it is "important to demand that debtors file returns" to assist state revenue agencies to determine whether they had claims against the debtor and "to punish those debtors who were delinquent in filing tax returns" by withholding the benefits of Chapter 13.[6] The 2005 legislation, in § 1308, requires the completion on the day before the meeting of creditors of all federal, state and local returns for all taxable years ending during the four year period ending on the date of filing before the meeting of creditors. To accommodate debtors who file for bankruptcy before all returns are completed, it allows for the trustee or the court to hold open the meeting of creditors for limited periods of time. It also imposes two penalties for noncompliance: Denial of confirmation, as stated in § 1325(a)(9); and dismissal or conversion, as stated in § 1307(e). In this case, we are concerned with the application of §§ 1307(e) and 1308.

---

[5] See Doc. 22 (amended motion to dismiss, which does not mention 2005 return); Doc. 36 (scheduling order, which does not mention 2005 return).

[6] *In re French*, 354 B.R. 258, 260-261 (Bankr. E.D. Wis. 2006), *citing* H.R.Rep. No. 108-40, pt.1 (2003) and H.R.Rep. No. 109-31, pt.1 (2005).

The issue before the Court is whether it must dismiss or convert the case pursuant to § 1307(e) for Debtor's failure to file her 2002 return before the conclusion of the meeting of creditors. That subsection, added to the Code by the BAPCPA, provides:

> Upon failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

Section 1308, also added by BAPCPA, provides:

> (a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.
>
> (b)(1) Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond--
>
>   (A) for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting;  or
>
>   (B) for any return that is not past due as of the date of the filing of the petition, the later of--
>
>     (i) the date that is 120 days after the date of that meeting;  or
>
>     (ii) the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law.

4

> (2) After notice and a hearing, and order entered before the tolling of any applicable filing period determined under this subsection, if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under this subsection is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under this subsection for--
>
>> (A) a period of not more than 30 days for returns described in paragraph (1); and
>>
>> (B) a period not to extend after the applicable extended due date for a return described in paragraph (2).
>
> (c) For purposes of this section, the term 'return' includes a return prepared pursuant to subsection (a) or (b) of section 6020 of the Internal Revenue Code of 1986, or a similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal.

When moving to dismiss or convert, the IRS argues that § 1308 establishes the conclusion of the meeting of creditors as the deadline for filing of required tax returns, and when that deadline is not satisfied, the consequence of dismissal or conversion stated in § 1307(e) is mandatory. It further submits under the circumstances of this case the deadline may not be extended by the Court. In response, Debtor submits that § 1307(e) does not specify that all returns required by § 1308 must be filed before the conclusion of the meeting of creditors, that it simply requires that the returns be filed. Because all returns required by § 1308 have been filed, Debtor urges that the case need not be dismissed or converted. Debtor also seeks Court ratification of the late filed return as if it had been timely.

The question presented is one of statutory construction. "In answering this question, we begin with the understanding that Congress 'says in a statute what it means and means in a

5

statute what it says there.'"[7]  "The starting point . . . must be the language of the statute.  If the language is clear and unambiguous, judicial inquiry is at an end in all but the most extraordinary circumstances."[8]  In the usual case, the function of the courts is to enforce the statue according to its terms.[9]

The Court finds the meaning of § 1307(e) very plain.  If a debtor fails to file a tax return "under section 1308," after proper motion, notice, and hearing, the court shall dismiss or convert the case.  Section 1308 does two things; it defines the tax returns which must be filed; and it establishes time limits for their filing.[10]  Contrary to the Debtor's position, the phrase "under section 1308" as used in § 1307(e) must have reference to both elements.  Congress could not have intended to provide a basis to dismiss or convert at any time during the pendency of a Chapter 13 case when specified returns are not filed.  Under this construction, dismissal or conversion could be forced by a motion filed before the meeting of creditors or during the time periods the meeting is left open by the trustee or the court under § 1308(b) for the very purpose of allowing the timely filing of returns.  The interplay of §§ 1307(e) and 1308 makes sense only if the deadline of § 1308 is applicable for determining if a return has not been filed "under section 1308."  Consideration of § 1308 in its entirety, not just the duty to file the returns specified, is required when determining whether grounds to dismiss or convert are established.

---

[7] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000), quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992).

[8] *Starzynski v. Sequoia Forest Indus.*, 72 F. 3d 816, 820 (10th Cir. 1995).

[9] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. at 6.

[10] Under § 1308(a) the time limit is the day before the date on which the meeting of creditors is first scheduled. Under § 1308(b), the trustee may hold open the meeting to allow for the filing of any unfiled returns, and the court in limited circumstances may extend the filing period established by the trustee.

6

Once those grounds are established, the court has no discretion on whether to act; Congress has directed that it *shall* dismiss or convert, whichever is in the best interests of the estate and creditors.

Although the Court agrees with Debtor that in this case this construction results in a harsh penalty for a minor deficiency, the Court must construe the statute according to its unambiguous terms. Punishment of Debtors for failure to file tax returns appears to be exactly what Congress intended. Like other provisions of the BAPCPA § 1307(e) makes it more difficult to qualify for bankruptcy relief. It is particularly unfortunate in this case where the Debtor filed the 2002 federal return within 120 days of the originally scheduled 341 meeting, and the return would have been timely under § 1308, if Debtor had requested and the case trustee had granted a request for extension of time to file the return under § 1308(b)(1). However, the Court's construction of § 1307(e) will not automatically result in dismissal or conversion in cases where all returns are filed but the time limits of § 1308 are not satisfied. A party in interest or the United States Trustee must present the matter to the court by motion before action may be taken. In many cases where deadlines are missed but all returns are filed before the bar to confirmation under § 1325(a)(9) becomes applicable, it is likely that a § 1307(e) motion will not be filed. On the other hand, the Court's construction of § 1307(e) precludes a meritorious motion under § 1307(e) until the meeting of creditors is concluded, thereby precluding an aggressive creditor from forcing dismissal or conversion while the debtor completes the returns for a timely filing.

The question presented has not been addressed in any published opinion. Although there are three cases which reference § 1307(e) and/or § 1308, but they are not on point. The most

7

helpful is *In re French*,[11] cited by both parties. In *French*, the debtor filed for relief on January 9, 2006, before her 2005 tax returns were due. The case trustee delayed the meeting of creditors and the recommendation regarding confirmation because debtor had not filed her 2005 tax returns. Debtor demanded confirmation, arguing that § 1308 did not require her to provide returns whose filing deadlines had not arrived. The court rejected this construction of the statute, which it found would have been contrary to Congressional intent and rendered § 1308(b)(1)(B) meaningless. The court held § 1308 requires the debtor who filed for Chapter 13 relief between January1 and April 15 to file her tax returns for the preceding tax year in order to obtain confirmation. The holding of *French* does not apply in this case where the issue is dismissal under § 1307(e), rather than delay of confirmation under § 1325(a)(9). However, the *French* court, like this Court, found the relevant portions of BAPCPA clear and unambiguous, and consistent with Congressional intentions, even though some may view the result as harsh. Debtor relies upon *French* for the proposition that "the only absolute requirement is that the four years worth of tax must be filed *before* a Chapter 13 plan can be confirmed." But this is a misreading of *French*. It does not consider whether a basis for a motion to dismiss or convert is also a consequence of failure to timely file the required returns.

The second case is *In re Barajas*.[12] In that case, Mr. Friesen, an unsecured creditor holding a substantial claim for personal injuries against the debtor, filed motion to dismiss, apparently premised in part upon failure to file proof of tax returns. The court rejected dismissal on this basis and stated:

---

[11] *In re French*, 354 B.R. at 258.

[12] *In re Barajas*, 2006 WL 3254483 (Bankr. E.D. Cal. 2006).

> Mr. Friesen argues that, pursuant to §§ 1307(e) and 1308(a), the Debtors were required to file proof of tax returns for the four-year period preceding the date of the petition. However, Mr. Friesen misunderstands these sections. Section 1308(a) requires the Debtors to file tax returns with "appropriate tax authorities," "not later than the day before the § 341(a) meeting of creditors. The Trustee is authorized to continue the § 341(a) meeting to allow the filing of tax returns (§ 1308(b)(1)) and § 1307(e) permits but does not require dismissal if the tax returns are not filed Here there is no evidence in the record to show that the Debtors have not filed their state and federal tax return with the "tax authorities."[13]

Debtor relies upon the statement from the foregoing quotation that § 1307(e) "permits but does not require dismissal if the tax returns are not filed." This Court agrees with this dicta - failure to timely file the returns does not result in automatic dismissal. Rather is a basis for a motion to dismiss *or* convert. *Barajas* does not support Debtor's construction of § 1307(e).

The IRS also cites *In re Goodell.*[14] Although that Chapter 13 case was filed before the effective date of the BAPCPA, while noting that failure to file tax returns after notice and opportunity is provided to the debtor to do so constitutes bad faith for purposes of dismissal under § 1307(b), the court stated the following regarding the Code Amendments:

> Section 1308 of the Bankruptcy Code as amended by BAPCPA, now expressly requires that as of the first day the § 341 meeting is scheduled to be held, tax returns mandated by non–bankruptcy law be filed for the four year period ending on the date the petition is filed. New section 1307(e) makes clear that the failure to file tax returns under § 1308 is cause for dismissal or conversion. [15]

This Court agrees with this straight forward reading of the statutes.

---

[13] *Id.*, at *8.

[14] *In re Goodell*, 2006 WL 23568, 97 A.F.T.R.2d 2006-622, 2006-2 USTC P 50,402 (Bankr. E.D. Pa. 2006).

[15] *Id.*, at *4, n. 14.

9

To the extent that the Debtor is requesting in her Motion to Ratify that the Court regard the late filed return as if it were timely under § 1308, the Court declines to do so.[16] The Code provides no authority for such an order. Under § 1308(b)(1), it is the case trustee, not the Court, who has the authority to hold open the meeting to allow for the filing of returns. It behooves a debtor who has not filed all returns to advise the case trustee so the meeting can be held open. Although § 1308(b)(2) does permit the court to extend the filing period established by the trustee, it can do so only by order filed before "the tolling of any applicable filing period determined under this subsection" and only if the "failure to file a return as required is attributable to circumstances beyond the control of the debtor." These conditions are not satisfied here.

The discretion given to the Court when ruling on a § 1307(e) motion is whether to dismiss or covert, not whether the late filed returns can be deemed timely filed. The Code provides "the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate."

For the foregoing reasons, the Court concludes that Debtor's failure to file her 2002 federal tax return before the meeting of creditors, provides a basis for dismissal or conversion pursuant to motion under § 1307(e), even though the return has now been filed. The record contains no basis for the Court to determine whether under the circumstances of this case the

---

[16] Debtor is not urging the Court to exercise its equitable powers recognized in § 105. If she were, the Court would find these circumstances not appropriate for such an extraordinary order. The Debtor knew or should have known when she filed for relief that her 2002 federal return was past due. The IRS did not set a trap for Debtor. On August 23, 2006, almost two weeks before the scheduled meeting of creditors, the IRS filed its proof of claim which stated that the 2002 return had not been filed.

10

estate's and creditors' best interests will best be served by conversion or dismissal. The Court will therefore schedule a status conference to determine future action on the IRS's motion.

**IT IS SO ORDERED.**

###

11